# Exhibit 2

## The Award

# Shenzhen Court of International Arbitration (SCIA)

## FINAL AWARD

Between

### SHENZHEN LAMP TECHNOLOGY CO., LTD

Claimant

And

### AG LIGHT AND SOUND INC

Respondent

Rendered in Shenzhen, P.R.C

15 August 2024

1



**The Parties**

1.  The Claimant in this arbitration is:

    **Shenzhen Lamp Technology Co., Ltd.**
    No. 6 Lanjing North Road, Pingshan District,
    Shenzhen, PRC

2.  The Claimant is represented by:

    Mr. Wei Xijie, Reiz Law Firm;
    Ms. Cen Yili, Reiz Law Firm;
    Ms. Luo Jingyin, Reiz Law Firm;
    Mr. Li Peigui, Staff of the Claimant;
    Ms. Liu Shuangshuang, Staff of the Claimant.

3.  The Respondent in this arbitration is:

    **AG Light and Sound Inc**
    4660 Berg Street Suite 130 North Las Vegas, Neveda 89091
    USA

**The Tribunal**

4.  The Tribunal in this arbitration is comprised of the sole arbitrator Mr Jing Liu appointed by the President of the Shenzhen Court of International Arbitration (the "**SCIA**") on March 21, 2024.

**Arbitration Agreement and Applicable Law**

5.  Article 14 of the General Terms of the Sales Contract (No.: APP2D0355) between the Claimant and the Respondent (jointly the "Parties") provides the following:

    > *"14. Governing Law and Dispute Resolution*
    > *14.1 The Parties agree that this S/C shall be governed, interpreted and construed both as to performance and validity in accordance with the laws of the People's Republic of China ("P.R.C", excluding the United Nations Convention on Contracts for the International Sale of Goods), without regard to its conflicts of law rules.  The remedies afforded by the laws of P.R.C are in addition to the remedies set out in this S/C.*
    >
    > *14.2 All disputes arising from the execution of or in connection with the S/C shall be settled through friendly negotiations between both parties. In*



> *case no settlement to dispute can be reached through negotiation, the dispute shall be submitted for arbitration in accordance with the rules of the Shenzhen Court of International Arbitration by one (1) arbitrator appointed in accordance with the said rules. The place of arbitration shall be Shenzhen, and the arbitration shall be conducted in the English language. The losing party shall bear all of the arbitration fees, attorney fees, preservation fees, preservation guarantee fees, appraisal fees and notary fees incurred by the arbitration and other expenses of the other Party for realization of rights. The arbitral award is final and binding on the Parties."*

**Procedural History**

6. Shenzhen Court of International Arbitration (the "SCIA"), in accordance with the arbitration clauses of the Sales Contract between Shenzhen Lamp Technology Co., Ltd. ("Claimant") and AG Light and Sound Inc ("Respondent") and the Application for Arbitration submitted by Claimant on August 15, 2023, has accepted this Case, with the Case Acceptance Number of (2023) Shen Guo Zhong She Wai Shou No. 7410.

7. The arbitration of this Case is governed by the SCIA Arbitration Rules in force as from 21 February 2019 (as amended in 2022). Pursuant to Article 56 of the SCIA Arbitration Rules, this Case is subject to the expedited procedure.

8. On October 11, 2023, the SCIA sent to Respondent the Notice of Arbitration, SCIA Arbitration Rules, and SCIA Panel of Arbitrators as well as the Application for Arbitration and supporting evidential materials submitted by Claimant, and to Claimant relevant documents.

9. Given that the Parties failed to jointly appoint, or to jointly entrust the President of the SCIA to appoint a sole arbitrator within the prescribed time limit, the President has appointed Mr Jing Liu as a sole arbitrator for this Case, who formed an Arbitral Tribunal for this Case on March 21, 2024.

10. On April 30, 2024, the Arbitral Tribunal held an oral hearing for this Case, at which the authorized representatives of Claimant appeared, while Respondent did not appear without any justifiable reason upon a legal notice. Considering this, the Arbitral Tribunal heard this Case by default in accordance with the law. At the hearing, Claimant stated its claims and supporting facts and grounds, produced the original copies of relevant evidence, answered the questions of the Arbitral Tribunal, and made a final statement. Claimant expressed its opinions at the hearing and raised no objection to the jurisdiction of the SCIA, the composition of the Arbitral Tribunal, and all arbitration procedures conducted for this case.



11. All arbitration documents, including but not limited to the Notice of Arbitration and Notice on Formation of Arbitral Tribunal and Oral Hearing issued by the SCIA, as well as arbitration documents and evidential materials submitted by the Parties for delivery to each other party, have been served on the Parties in accordance with Article 6 of the SCIA Arbitration Rules.

12. The hearing of this Case has been concluded. The Arbitral Tribunal has rendered this Arbitral Award based on the oral hearing and existing written materials and in accordance with the law. The circumstances of this Case, opinions of the Arbitral Tribunal, and the content of this Arbitral Award are set out as follows.

**Factual Background**

13. On the documentary evidence adduced by the Claimant, the Tribunal makes the following findings.

14. On February 21, 2023, the Claimant and the Respondent entered into the Sales Contract (No.:APP2D0355) (the "**Contract**"). Under the Contract, the Respondent agrees to purchase from the Claimant LED screens and spare parts (including Outdoor RS3.9PLUS 500x1000mm, Outdoor RS3.9PLUS 500x500mm and Accessories and Spare Parts, collectively, the "**Goods**"). The Respondent shall pay the Claimant a total amount of USD393,950, of which 30% shall be down payment and the remaining 70% shall be paid via T/T before shipment.

15. Article 17.2 of the General Terms of the Contract provides that *"where the Buyer fails to make the payment duly, Buyer shall pay liquidated damages at a rate of 0.1% of the overdue amount to the Seller per day until the completion of its payment obligation…"*

16. On March 3, 2023, the Respondent made the down payment of USD118,185 to the Claimant.

17. On March 9, 2023, the Respondent picked up the Goods at the Claimant's warehouse at 17029 HWY Rogersville Alabama.

18. On March 14, 2023, Andrew Gumper of the Respondent emailed Christina Liu of the Claimant, saying *"yes we received everything and so far looks great."*

19. But the Respondent failed to pay the remaining 70% of the total price.

**The Claimant's Relief Sought**

20. The Claimant requests that the Tribunal issue an award:

4



(1) to request the Respondent to pay to the Claimant the total amount of USD275,765 for the outstanding payment;

(2) to request the Respondent to pay to the Claimant the liquidated damages (calculated on the basis of USD275,765 at a daily rate of 0.1% from March 10, 2023 to the date of actual settlement, which shall be USD40,537.45 as of August 3, 2023);

(3) to request the Respondent to bear all the expenses incurred by the Claimant in realizing its claim, including but not limited to attorney fee (which shall be CNY35,000 as of August 3, 2023 or converted to USD4,895.44 at CNY central parity rates on August 3, 2023), arbitration fee and translation fee.

**The Respondent's Defence**

21. Being duly served, the Respondent failed to participate in the proceedings and to submit any defence without giving any explanations to the SCIA and the Tribunal.

**Analysis and Conclusions**

22. The Claimant delivered the Goods to the Respondent on March 9, 2023. The Respondent accepted the Goods as evidenced in its email of March 14, 2023 that "*yes we received everything and so far looks great.*" The Respondent breached the Contract by failing to pay the remaining 70% of the total price (USD275,765) which was originally due before shipment.

23. The Tribunal therefore concludes that the Claimant is entitled to payment of the USD275,765. The liquidated damages agreed in article 17.1 of the General Terms of the Contract is, in the Tribunal's view, excessive. Exercising its discretion, the Tribunal considers it fair to award the Claimant liquidated damages at the annual rate of 18% on the above USD275,765 starting from March 10, 2023 to the date of full payment.

24. As the Respondent is the losing party, in accordance with article 14.2 of the General Terms of the Contract, it shall compensate the Claimant for the arbitration fees of CNY 60,669 and attorney fees of CNY 35,000 incurred in connection with this arbitration. The Claimant confirmed at the oral hearing that no translation fee had incurred.

**OPERATIVE ORDER**

25. Based on the foregoing, the Tribunal finally AWARDS as follows:

(a) The Respondent shall pay to the Claimant the sum of USD275,765 and the liquidated damages thereon at the annual rate of 18% from March 10, 2023 to the date of full payment;

(b) The Respondent shall compensate the Claimant for the attorney fees of CNY 35,000 and arbitration fees of CNY 60,669 incurred in connection with this arbitration;

26. The Respondent shall pay the amounts stated in (a) and (b) of paragraph 25 to the Claimant within 30 days as from the date of this award.

27. This final award is issued in Shenzhen on August 15, 2024 and takes effect from the same date.



仲裁院电子文书支持扫码验证内容真伪
请注册登录云上仲裁系统：online.scia.com.cn
输入领取码0XS1YVF领取案件，查看和提交本案材料